UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TY PUTRICH, an individual                     FILE NO.:        CV

    Plaintiff,                                HON.:

v

MARK PETERSON, individually, and
DEREK GUTHRIE, individually

    Defendants.

| WILLIAM F. PIPER, PLC<br>William F. Piper (P38636)<br>Attorney for Plaintiff<br>1611 W. Centre Street, Ste. 209<br>Portage, MI 49024<br>(269) 321-5008<br>(269) 321-5009 (facsimile)<br>wpiper@wpiperlaw.com | |

## **COMPLAINT**

    The plaintiff Ty Putrich, by and through his attorney William F. Piper, PLC, for his complaint, states as follows:

### **JURISDICTIONAL ALLEGATIONS**

    1.    The plaintiff on December 21, 2018 resided at 120 E. Park Street, in the Village of Vicksburg, County of Kalamazoo, State of Michigan, with Gina Szpak, with whom he was intimately involved, and with whom he was also involved in a business partnership.

    2.    The defendant Mark Peterson was police officer for the Village of Vicksburg at all times relevant to this complaint.

    3.    The defendant Derek Guthrie was a police officer for the Village of Vicksburg at

all times relevant to this complaint.

4. The events complained of occurred at 120 E. Park Street in the Village of Vicksburg on December 21, 2018.

5. The complained of complained of were committed by the defendants under color of state law but not under a legitimate exercise of governmental authority.

6. Jurisdiction arises under 28 USC § 1331 and 28 USC § 1343.

7. The claims in this lawsuit arise under 42 USC § 1983.

## COMMON ALLEGATIONS

8. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-7 of this complaint.

9. On December 21, 2018 Mr. Putrich returned to the house he shared with Gina Szpak and discovered that she had purchased the truck that he had been driving with money from the account of the company in which they were in business with together he as the Owner, and she as the secretary.

10. Mr. Putrich asked Ms. Szpak to turn over the title of the truck, and money, to him, because she had purchased the truck without authorization with company money.

11. Another person from within the house called the Vicksburg Police Department.

12. When the defendants arrived at the scene Mr. Putrich explained the matter as described above to them, including telling them that Ms. Spzak had embezzled from the company.

13. The defendant Peterson told Mr. Putrich that the dispute was a civil matter.

14. Mr. Putrich attempted to get into the truck and leave, but the defendants prevented him from doing so by placing their hands on him.

15. The defendants then handcuffed Mr. Putrich and placed him in the defendant Peterson's patrol car, but they claimed they were not arresting him but rather only detaining him to investigate.

16. The defendants took all of Mr. Putrich's belongings from the truck and put them in a different car on the premises, except for his cell phone, $142.00 in cash, his wallet, and the keys to the truck, which the defendants placed in Officer Peterson's patrol car.

17. Taking sides in the civil dispute, the defendants told Mr. Putrich that he would be detained until Ms. Szpak could get into the truck and drive away.

18. Having waited for about twenty-five minutes and not being told he had been arrested, Mr Putrich exited the patrol vehicle and stood by the driver's side door of it.

19. Officer Guthrie then grabbed Mr. Putrich by reaching in, and he then pulled Mr. Putrich's handcuffed arms behind his back.

20. The defendant Peterson then grabbed Mr. Petrich behind his head and violently slammed his head forward towards his groin area.

21. The defendant officers caused Mr. Petrich to do a backwards summersault in the car.

22. Mr. Petrich immediately felt extreme pain in the back of his neck and throughout his entire body.

23. The defendants then told Mr. Petrich that he was under arrest for resisting and obstructing, after waiting to contact an ambulance for over four minutes, during which instead they called Sergeant Stanfill.

24. The defendants took Mr. Putrich to a hospital, wherein he was diagnosed with a neck injury.

25. The defendants then took Mr. Putrich to jail, stopping on the way so that Mr. Butrich could exit the vehicle to vomit.

26. The defendants requested a charge of resisting arrest against Mr. Putrich, but the prosecuting attorney denied it, asserting that there was not enough evidence to justify the charge.

27. As a result of the aforementioned incidents the plaintiff suffered and continues to suffer physical injuries, a loss of liberty, seizure of his property, emotional distress, anger, a loss of enjoyment of life, inconvenience, humiliation, fear, a loss of self esteem and other injuries and damages.

## COUNT I – UNLAWFULLY LONG DETENTION, FALSE ARREST, UNLAWFUL SEARCH AND SEIZURE, AND EXCESSIVE FORCE – 42 U.S.C. § 1983

28. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-27 of this complaint.

29. The defendants detained Mr. Putrich for an unreasonably long time after they had determined that the dispute was a civil matter.

30. The defendants took sides in a civil dispute and refused to allow Mr. Putrich to take the truck he had been driving and that he had the keys and title to, claiming that it was Ms. Szpak's property.

31. The defendants then arrested Mr. Putrich, even though they knew that the dispute was a civil matter, and they knew they had no probable cause to arrest him.

32. The law is clearly established that a police officer cannot detain a person beyond the time it takes to conclude the purpose of the investigation.

33. The law is also clearly established that a police officer cannot take sides in a civil property dispute and give one party to the dispute the disputed property that the other party had been in possession of.

34. The law is also clearly established that a police officer cannot search a vehicle or a person and seize items within a vehicle without probable cause to do so.

35. The law is also clearly established that a police officer cannot arrest a person without probable cause to do so.

36. The law is also clearly established that police officers cannot use excessive force against a person whom they have no probable cause to detain or arrest, or in any other circumstances.

37. By acting as described above, and by not intervening to stop the unconstitutional conduct described above, the officers violated the constitutional rights of Mr. Putrich, which are protected under the Fourth and Fourteenth Amendments to the Constitution of the United States.

38. The defendants could not reasonably have believed that their actions as described above were within the constitutional limitations on the excessive of their authority under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

**WHEREFORE**, the plaintiff requests a judgment against the defendants for whatever amount is sufficient to compensate him for his injuries and damages past and future plus

punitive damages, all recoverable interest, costs, attorney's fees under 42 USC § 1988, and any other relief this court deems fair and just.

DATED: November 9, 2021                                WILLIAM F. PIPER, PLC


                                                       By:    /s/ William F. Piper
                                                              William F. Piper (P38636)
                                                              Attorney for Plaintiff